Bambang Ganefo **HANDOJO**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–73812.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed July 30, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Molly L. Debusschere, OIL, Emily Anne Radford, U.S. Dept of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Bambang Ganefo Handojo, native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigra-

tion judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused Handojo's untimely filing of his asylum application. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir.2008); 8 C.F.R. § 208.4(a)(5).

With regard to the claim for withholding of removal, the discrimination and harassment Handojo and his wife suffered and the Indonesian government's failure to assist them when they were arrested abroad does not compel a finding of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, even assuming the disfavored group analysis set forth in *Sael* applies in the context of withholding of removal, Handojo has not demonstrated the requisite level of individualized risk necessary to compel a finding of a clear probability of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003); *cf. Sael*, 386 F.3d at 927–29.

Handojo has waived any challenge to the BIA's denial of CAT relief by failing to raise it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.